```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-22492-CIV-SEITZ
                                    MAGISTRATE JUDGE P.A. WHITE
JEFFREY COLE,                 :

        Plaintiff,            :

v.                            :          REPORT OF
                                      MAGISTRATE JUDGE
ERNEST STEPP,                 :           (DE#29)

        Defendant.            :
_____
```

In this <u>pro se</u> civil rights action brought pursuant to 42 U.S.C. §1983, the plaintiff Jeffrey Cole alleges that former Warden Ernest Stepp transferred him to a "punishment" prison in retaliation for filing grievances.

The plaintiff states that Stepp transferred him from South Bay Correctional Facility to Gulf Correctional in retaliation for filing grievances against the female staff and officers for their sexually provocative appearances. A Report was entered recommending the case be dismissed without prejudice, based upon the plaintiff's failure to provide the Court with an updated address for Warden Stepp. The Report was rejected and in response to the Court's telephonic inquiry to South Bay, an updated address for Warden Stepp was discovered, and he was then served.

This Cause is before the Court upon Warden Stepp's motion to dismiss (DE#29) in which he argues that the complaint is subject to dismissal upon the following grounds: 1) the plaintiff's claim against the defendant is predicated on respondeat superior, and should be dismissed, and 2) plaintiff has failed to demonstrate exhaustion of his available administrative remedies, as is required under 42 U.S.C. §1997e(a).

II. <u>Analysis</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. <u>See</u> <u>Fed.R.Civ.P.</u> 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

<u>Stepp's Motion to Dismiss</u>

Warden Stepp states that the plaintiff has failed to state a claim. Claims of retaliation by prison officials, including retaliation against an inmate for filing lawsuits and administrative grievances, are cognizable in a civil rights suit

for damages. See Adams v. Wainwright, 875 F.2d l536 (11 Cir. 1989) (retaliation for filing lawsuits); Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989) (retaliation for filing administrative grievances); Wright v. Newsome, 795 F.2d 964 (11 Cir. 1986) (retaliatory destruction of legal materials); Bridges v. Russell, 757 F.2d 1155 (11 Cir. 1985) (retaliation for use of the grievance procedure); Hall v. Sutton, 755 F.2d 786 (11 Cir. 1985) (same).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Adams v. James, 797 F. Supp. 940, 948 (M.D. Fla. 1992) (citing Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977). A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis. Adams v. James, supra, 797 F. Supp. at 948. See Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274 (1977) ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

In the prison context at least one Circuit has applied the "but for" standard to inmate claims of retaliation. See McDonald v. Hall, 610 F.2d 16, 18 (1 Cir. 1979). The Eleventh Circuit, however, has declined to follow the "but for" analysis in the context of prisoner retaliation suits, "to the extent that the 'but for' test places a greater burden of proof on the inmate." Adams v. Wainwright, supra, 875 F.2d at 1537; Adams v. James, supra, 797 F. Supp. at 948. Instead, the analysis applied in this Circuit to a prisoner retaliation claim requires a "mutual accommodation" between the penal institution's legitimate needs and goals and the prisoner's retained constitutional rights, under the

"reasonableness" test set forth in Turner v. Safley, 482 U.S. 78 (1987). Adams v. James, supra, at 948.

A prisoner retaliation claim, however, must be factual, and mere conclusory allegations of unconstitutional retaliation will not suffice. Adams, supra, 797 F. Supp. at 948 (citing Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10 Cir. 1990). The plaintiff must show that he engaged in conduct that was constitutionally protected, and that this conduct was the substantial or motivating factor behind the defendant's actions. Mt. Healthy, supra. That is, the plaintiff must show that there is a causal connection between his act and the alleged retaliatory act. Id. At this preliminary stage, the basis of Cole's transfer cannot be discerned, and the plaintiff has minimally stated a claim for retaliation.

Defendant Stepp further argues that he was named solely in his supervisory capacity as Warden. Stepp cannot be sued for liability merely for an improper or even unconstitutional act of his employees under a theory of respondeat superior. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability). However, again at this preliminary stage, it cannot be determined whether the transfer decision was made by the Warden, in conjunction with his employees, or whether these decisions are the

responsibility solely of the Warden's employees. This issue requires further factual development.

With respect to Stepp's second argument, the Courts have made clear that 42 U.S.C. §1997e(a), as amended, which embodies the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 (the "PLRA"), now requires a prisoner to have exhausted those administrative processes which are available to him before bringing suit on a claim in federal court. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11 Cir. 1998); Booth v. Churner, 532 U.S. 731, 736-41 (2001). In this case, the defendant Stepp's argument that the complaint is barred under 42 U.S.C. §1997e(a), due to lack of exhaustion of available administrative remedies, is premature.

Although the defendant states that the exhaustion requirement is not an affirmative defense, but a condition precedent to filing suit, the Supreme Court has held that failure to exhaust is an affirmative defense, and a plaintiff is not required to plead and demonstrate exhaustion of remedies in his complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). It cannot be assumed for purposes of the defendant's motion and this Report, that because the plaintiff checked no for availing himself of grievance procedures, that he did not actually file grievances, nor is it clear what grievances were available to him if he was transferred to another facility. It is apparent that any determination as to whether the operative complaint may be subject to dismissal under §1997e(a), will require further development of the record.

III. Conclusion

For the above stated reasons, it is recommended that the defendant Stepp's motion to dismiss (DE#29) be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 1st day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jeffrey Cole, <u>Pro Se</u>
      DC T01790
      Gulf CI
      Address of record

      Brett Waronicki, Esq.
      Wiederhold & Moses PA
      Attorney of record